## N. Y. COMMON PLEAS.

### In the Matter of EDWARD BENSON.

*Arrest — Liability of one partner for frauds committed by another partner — Discharge — Burden of proof.*

Though each partner is liable to arrest for the frauds committed by the other members of the firm, although he may have been entirely ignorant of such frauds; yet, upon application by a member to be discharged from imprisonment under the provisions of the Revised Statutes, it being the duty of an opposing creditor to show that the proceeding upon the part of the prisoner is not just and fair, personal participation in the fraud by the applicant is required to be proved in order to justify the court in denying such discharge.

A judgment, therefore, that the firm of which the petitioner is a member has been guilty of a fraudulent disposition of its property, does not necessarily preclude his discharge as one of the partners.

*General Term, February,* 1881.

*Before* C. P. DALY, *Ch. J.,* VAN BRUNT *and* BEACH, *JJ.*

*S. F. Kneeland,* for opposing creditor, appellant.

*George W. Wingate,* for petitioner and respondent.

VAN BRUNT, *J.* — The petitioner, having been imprisoned under an execution, presented his petition to this court to be discharged from imprisonment under the provisions of the Revised Statutes. Certain evidence was taken in that proceeding, and upon that evidence the court ordered his discharge.

It seems to be conceded that the firm of which the petitioner was a member máde certain fraudulent disposition of

its property prior to its failure, and the question involved in this application is the determination as to whether the petitioner participated in those frauds or not. The appellant seems to misapprehend the burden of proof upon this issue. The statute provides that unless the opposing creditor shall be able to satisfy the court that the proceedings on the part of the prisoner are not just and fair, the court shall order an assignment and grant a discharge. Every presumption, therefore, is in favor of the application, and the opposing creditor must show by competent proof that the proceedings upon the part of the petitioner are not just and fair. It is not sufficient that the opposing creditor should show that the firm of which the petitioner is a member have been guilty of fraud, but it is necessary to show that the petitioner himself has participated in that fraud.

An examination of the evidence in this case fails to establish that the petitioner Benson was a participant in any of the frauds which were perpetrated by the firm of which he was a member prior to its failure, or that he in any manner knowingly participated in the fruits of that fraud.

It was urged by the counsel for the appellant that the judgments in the cases in which the orders of arrest and executions were issued, make this question *res adjudicata*.

Each partner is liable to arrest for the frauds committed by the other members of the firm, although he may have been entirely innocent of such frauds.

In the statute regulating the discharge of imprisoned debtors, the duty is imposed upon the opposing creditor to show that the proceedings upon the part of the prisoner are not just and fair. Consequently a judgment that the firm of which the petitioner is a member has been guilty of a fraudulent disposition of its property does not necessarily preclude the discharge of one partner, because the statute regulating such discharges requires evidently personal participation in the fraud of the applicant in order to justify the court in denying such discharge.

I have been unable to satisfy myself upon an examination of the testimony in this case that the petitioner was cognizant of the apparent conspiracy of his copartners to defraud the persons of whom they should buy goods prior to their failure.

I think, therefore, that the order appealed from discharging the petitioner should be affirmed, with costs and disbursements.

C. P. DALY, Ch. J., and BEACH, J., concur.